TRUSTEES OF MILTON ACADEMY vs. BOARD OF ASSESSORS OF MILTON. May 7, 1984. *Taxation,* Real estate tax: exemption, educational institution. *Words,* "Principal location."

The board of assessors (assessors) appeals from a decision of the Appellate Tax Board (board) exempting from taxation certain real estate owned by the trustees of Milton Academy (school) and used as faculty residences. The board concluded that, pursuant to G. L. c. 59, § 5, Third (*e*), inserted by St. 1974, c. 811, § 2, eight faculty residences assessed for fiscal year 1981, and nine faculty residences assessed for fiscal year 1982, were exempt from local taxation as property that was "part of or contiguous to real estate

which is the principal location of [the school]." The assessors' main conten-
tion is that the board erred in determining the "principal location" of the
school, because the board should have limited the principal location to a
unified area not traversed by public ways and should not have included
disjoined parcels. The assessors argue further that a determination of the
school's "principal location" as including virtually all the school's real estate
does an injustice to the legislative intent underlying G. L. c. 59, § 5, Third
(e), and renders the word "principal" meaningless.

The determination of the "principal location" of an educational institution
is essentially a question of fact in the resolution of which the board has a
measure of discretion. *Trustees of Boston Univ.* v. *Assessors of Brookline*,
11 Mass. App. Ct. 325, 327 (1981). The term "principal location" is unde-
fined in G. L. c. 59, § 5, Third (e), "undoubtedly because of the practical
difficulties inherent in fashioning a definition which could be uniformly
applied to the Commonwealth's numerous educational institutions." *Id.*

The board decided these appeals on a statement of agreed facts, tes-
timony, exhibits, and a view of the premises by a hearing member. The
board's decision as to the "principal location" of the school was not erroneous
under the relevant standard of review. There is no requirement that a school's
"principal location" cannot be traversed by a public way, *id.* at 330-331, or
that it must consist of one integral parcel. The board's findings were not
inconsistent, and its conclusions were warranted by the evidence. See *Assessors
of Hamilton* v. *Iron Rail Fund of Girls Clubs of Am., Inc.*, 367 Mass. 301,
302 (1975). Thus the board was justified in concluding that the faculty resi-
dences were properly exempted from taxation as they were "part of or contigu-
ous to . . . the principal location of [the school]." G. L. c. 59, § 5, Third (e).

*Decision of the Appellate Tax Board affirmed.*

*Robert D. O'Leary,* Town Counsel, for the Board of Assessors of Milton.
*Thomas M. Spera* (*Anthony J. Luppino* with him) for the taxpayer.